USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DANA MARSHALL

               Plaintiff,

-against-

CAROLYN COLVIN, *acting Commissioner of Social Security*

               Defendant.
-----------------------------------------------------------X

16-cv-5631 (NSR) (JCM)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Dana Marshall ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying her application for Social Security Income ("SSI"). Both Plaintiff and Defendant have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 11 & 13.) This case was referred to Magistrate Paul E. Davison, and, on August 29, 2017, Judge Davison issued a Report and Recommendation (the "R & R") pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b) recommending that Plaintiff's motion be granted to the extent that the case should be remanded to the Commissioner and that Defendant's motion be denied. (ECF No. 15.) For the following reasons, this Court adopts certain portions of Judge Davison's R & R, DENIES Plaintiff's motion for judgment on the pleadings and GRANTS Defendant's motion for judgment on the pleadings.

## BACKGROUND

Facts are taken from the R & R, unless otherwise noted. The Court assumes familiarity with the underlying facts concerning Plaintiff's disability, as set forth in the R & R.

On September 26, 2012, Plaintiff filed a Title XVI application for SSI on the basis of her alleged disability beginning on August 28, 2011. Plaintiff's Title XVI claim was denied on December 7, 2012. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ hearing was held on February 20, 2014, and a supplemental administrative hearing was held on December 29, 2014. On March 12, 2015, the ALJ issued a decision denying Plaintiff's application. The Appeals Council denied Plaintiff's request for review on May 17, 2016, which led Plaintiff to file the instant action on July 15, 2016. (ECF No. 1.)

Plaintiff filed a motion for a judgment on the pleadings on December 22, 2016, and Defendant filed a cross motion for the same on February 21, 2017. (ECF Nos. 11 & 13.) On August 29, 2017, Judge Davison issued the R & R, recommending that this Court grant Plaintiff's motion, remand the case for further administrative proceedings, and deny Defendant's motion. On September 12, 2017, Defendant filed timely written objections to the R & R, and Plaintiff filed a response to Defendant's written objection on September 26, 2017. (ECF Nos. 16 & 17.)

**STANDARD OF REVIEW**

**I.      Review of a Report and Recommendation**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id*.; *accord* 28 U.S.C. § 636(b)(1). When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [Report and Recommendation] to which no objections have been made and which

2

are not facially erroneous." *West v. Sheahan*, No. 12-CV-08270, 2016 WL 67789, at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)).

When a specific objection is made, the district court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,* No. 04-CV-5061(RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the Report and Recommendation. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## II. Review of a social security claim

Judicial review of social security claims is limited. *Brush v. Berryhill*, 294 F. Supp. 3d 241, 253 (S.D.N.Y. 2018). It is not the province of the reviewing court "to determine for itself whether the plaintiff was disabled, and therefore entitled to Social Security benefits." *Burke v. Comm'r of Soc. Sec.*, No. 16-CV-6520(KMK)(PED), 2017 WL 6029166, at *2 (S.D.N.Y. Dec. 5, 2017) (citing *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). Rather, "the reviewing court considers merely 'whether the correct legal standards were applied and whether substantial evidence supports the decision.'" *Id.* (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part by* 416 F.3d 101 (2d Cir. 2005)); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam). Accordingly, an ALJ's determination is final unless it was "based on legal error" or is "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks omitted).

In determining whether substantial evidence supports the ALJ's decision, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted). Nevertheless, "substantial evidence" remains a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted). "If evidence is susceptible to more than one rational interpretation, the [ALJ's] conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation omitted). "It is not for this Court to substitute its own judgment for that of the [ALJ], even if it might justifiably have reached a different result upon *de novo* review." *Ortiz v. Berryhill*, No. 17-CV-4751(RWS), 2018 WL 3360755, at *7 (S.D.N.Y. July 10, 2018) (internal quotation marks omitted) (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

"However, where the proper legal standards have not been applied and might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Velez v. Colvin*, No. 14-CV-3084(CS)(JCM), 2017 WL 1831103, at *15 (S.D.N.Y. May 5, 2017) (internal quotation marks omitted) (citing *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004)). Rather, if the Court determines that the ALJ has applied an improper legal standard, a remand for further proceedings is warranted. *Id.*

## MAGISTRATE'S FINDINGS

### a. Weight accorded to the evidence from Plaintiff's treating physicians

According to Plaintiff, the ALJ failed to give sufficient weight to the opinions of Dr. Brodsky and Dr. Bermudez, Plaintiff's treating physicians, as required under the treating

physician rule. The treating physician rule requires ALJs to give the medical opinion of a claimant's treating physician controlling weight as long as that opinion is well supported by medical conclusions and is not inconsistent with other substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). Judge Davison found that the ALJ properly applied the treating physician rule to Dr. Brodsky's findings because the ALJ awarded "some weight"[1] rather than controlling weight to those conclusions due to specified inconsistencies between Dr. Brodsky's opinions, his treatment notes, and other medical evidence. (R & R p. 30, ECF No. 15.) However, Judge Davison held that the ALJ improperly applied the treating physician rule to Dr. Bermudez's opinions. According to Judge Davison, the ALJ did not specify the weight he awarded to Dr. Bermudez's opinions and offered no adequate explanation. (R & R p. 33.) In fact, Judge Davison noted that the "ALJ dismissed Dr. Bermudez's opinion with a single sentence[.]"[2] (*Id.*)

### b. Credibility of Plaintiff's complaints

Plaintiff also argued that the ALJ's determination regarding the credibility of her complaints of pain was unsupported by substantial evidence. However, Judge Davison correctly noted that ALJs are not required to unquestioningly accept a plaintiff's complaints and he recommended that the Court allow the ALJ's credibility determination to remain. (*Id.* p. 34.) The ALJ considered several factors, including Plaintiff's daily activities, her specific symptoms from her back and joint pain and irritable bowel syndrome, the effectiveness and side effects of

---

[1] The ALJ did not award Dr. Brodsky's opinions significant weight with respect to Plaintiff's ability to walk, sit, or concentrate.

[2] As discussed below, this view overlooks other information in the same paragraph as the sentence Judge Davison identifies in the R & R.

her medication, and Plaintiff's success with physical therapy. (*Id.* pp. 35 – 36.) Judge Davison found that these factors were sufficient to support the ALJ's credibility determination.

## DISCUSSION OF OBJECTIONS

### I. Application of treating physician rule

Defendant objects to the R & R on the basis that, contrary to Judge Davison's conclusion, the ALJ properly applied the treating physician rule to Dr. Bermudez's opinion. Additionally, because, according to Defendant, all of the ALJ's findings were proper, the Court should affirm the ALJ's determination that Plaintiff was not disabled.

In weighing medical evidence, the ALJ's decision must be guided by the "treating physician rule." *Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 (2d Cir. 2010). "The treating physician rule provides that an ALJ should defer [ ] 'to the views of the physician who has engaged in the primary treatment of the claimant.' " *Cichoki v. Astrue*, 534 F. App'x 71, 74 (2d Cir. 2013) (summ. order) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)); *see also* 20 C.F.R. § 404.1527(c)(2). The medical opinion of a claimant's treating physician has controlling weight, so long as it is well supported by medical findings and not inconsistent with other substantial evidence. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

Nevertheless, "the deference accorded to a treating physician's opinion may be reduced upon consideration of [certain] factors," including:

> the length and nature of the treating doctor's relationship with the patient, the extent to which the medical evidence supports the doctor's opinion, whether the doctor is a specialist, the consistency of the opinion with the rest of the medical record, and any other factors "which tend to . . . contradict the opinion."

*Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (summ. order) (quoting 20 C.F.R. § 404.1527(c)(2)(i)–(ii) and (c)(3)–(6)); *see also Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir.

6

2013). Thus, a treating physician's opinion need not be afforded controlling weight where, for instance, her opinions are inconsistent with medical evidence or with the plaintiff's specific self-reported activities. *Schuster v. Comm'r of Soc. Sec.*, No. 14-CV-486, 2017 WL 1950787, at *2 (W.D.N.Y. May 11, 2017) (refusing to give controlling weight to a treating physician's opinion that the plaintiff needed to lie down for large parts of the day and could not stoop or crawl where that opinion was inconsistent with the plaintiff's self-reported activity of providing daily care to his three-year old child). While conflicting opinions from other medical experts may also form the basis for discrediting a treating physician's findings, "not all expert opinions rise to the level of evidence that is sufficiently substantial to undermine the opinion of the treating physician," particularly where such opinions are "rendered after limited to no contact with the claimant." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 121(2d Cir. 2018) (summ. order) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 – 29 (2d Cir. 2008)) (citing *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013)).

The Commissioner must "always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [claimant's] treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The requirement that the Commissioner provide good reasons is particularly important in cases where, as here, the ALJ issues a decision unfavorable to the claimant because those reasons allow claimants to better understand the dispositions of their cases. *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

Defendant argues that the R & R was incorrect in holding that the ALJ improperly applied the treating physician rule to Dr. Bermudez for two reasons. First, the ALJ specified the

standard he applied to Dr. Bermudez's opinion when he said that he "did not give [that opinion] significant weight" and, second, the ALJ based this determination on specific good reasons, the fact that Dr. Bermudez's opinion was inconsistent with Dr. Brodsky's treatment notes and with Plaintiff's daily activities.

A review of the ALJ decision shows that the ALJ sufficiently specified the weight he accorded to Dr. Bermudez's findings. The ALJ stated that he did not "give significant weight" to Dr. Bermudez's opinions, (SSA Administrative R. ("ALJ Decision") p. 60, ECF No. 9-2), and courts have held that this description is sufficient for the purpose of the treating physician rule. *See Fernandez v. Astrue*, No. 12-CV-753(S), 2013 WL 1232210, at *12 (E.D.N.Y. Sept. 23, 2013) (holding that the ALJ properly applied the treating physician rule because, in part, the ALJ stated that he did not give significant weight to the treating physician's assessment); *Jiang v. Barnhart*, No. 03-CV-0077(LAK)(AJP), 2003 WL 21526937, at *13 (S.D.N.Y. July 8, 2003) (holding that the ALJ's explanation that he "did not give significant weight" to a treating physician's opinion was part of the reason the ALJ properly applied the treating physician rule). The remaining question is whether the ALJ provided good reasons supported by substantial evidence to give Dr. Bermudez's opinions less than controlling weight.

To satisfy the "good reasons" requirement for declining to assign controlling weight to a treating physician's opinions, ALJs' reasons must be more than conclusory. *Cabrera v. Comm'r of Soc. Sec.*, No. 16-CV-4311(AT)(JLC), 2017 WL 3686760, at *4 (S.D.N.Y. Aug. 25, 2017). Here, the ALJ did not give significant weight to Dr. Bermudez's opinions that Plaintiff could not engage in sedentary exertion because he found that her opinion "greatly overstates the claimant's limitations" when compared to Dr. Brodsky's opinion that sitting relieved the claimant's pain and to "claimant's ability to carry out her activities of daily living." (ALJ Decision pp. 60 – 61.)

8

Although other parts of the ALJ's decision describe Plaintiff's ability to carry out daily activities in detail, the ALJ does not specify which daily activities he found to have contradicted Dr. Bermudez's opinions.

The ALJ's reference to Plaintiff's ability to perform daily activities was conclusory and, alone, would not be a sufficient "good reason" to give Dr. Bermudez's opinions diminished weight. In *Fernandez v. Astrue*, the court reviewed an ALJ's decision not to award a treating physician's opinion full weight because that "opinion '[was] not consistent with the claimant's own reported retained capacity to perform activities of daily living despite her severe physical impairments.'" No. 11-CV-1644(DLI), 2013 WL 1232210, at *12 (E.D.N.Y. Mar. 26, 2013). The court held that the ALJ failed to provide good reasons for not according the physician's opinion controlling weight and thus improperly applied the treating physician rule. *Id.* In support for its decision, the court noted that other courts have found similar statements to be "too conclusory to constitute 'good reasons.'" *Id.* As in *Fernandez*, the ALJ's decision here only provides the conclusion that Dr. Bermudez's opinion was inconsistent with claimant's ability to carry out activities of daily living without specifying which daily activities. That the decision describes Plaintiff's ability to perform daily activities elsewhere is immaterial because, without a description of those activities in the context of the weight of Dr. Bermudez's opinion, it is unclear which activities influenced the ALJ's decision. *See Miller v. Comm'r of Soc. Sec.*, No. 13-CV-6233(LGS), 2015 WL 337488, at *22 (S.D.N.Y. Jan. 26, 2015) (holding that the determination that a doctor's opinion was "inconsistent with the extensive activities of daily living what the claimant was able to perform" was conclusory because it "does not identify which activities are being referenced").

9

However, the ALJ also noted that Dr. Bermudez's opinion was inconsistent with Dr. Brodsky's opinion.[3] "Dr. Bermudez' opinion that the claimant can sit one hour and stand and walk less than one hour greatly overstates the claimant's limitations. In fact, Dr. Brodsky had stated that sitting had relieved the claimant's pain." (ALJ Decision p. 60 (citation omitted).) The Court may only set aside the ALJ's determination if it finds legal error or that the determination is not supported by substantial evidence. "Substantial evidence" is an extremely deferential standard of review. *Metro-North Commuter R.R. Co. v. U.S. Dep't of Labor*, 886 F.3d 97, 109 (2d Cir. 2018). Applying this deferential standard and acknowledging that "it is up to the agency, and not this court, to weigh the conflicting evidence in the record," *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998), the Court finds that the ALJ articulated a "good reason" to give Dr. Bermudez's opinion less than controlling weight and correctly applied the treating physician analysis.

The Court adopts those portions of the R & R to which neither party objected. District Courts are only required to conduct a *de novo* review of those specific portions of an R & R to which there are objections. "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163,

---

[3] Defendant notes in their objections that the Dr. Bender referred to in the ALJ's decision is actually Dr. Bermudez and suggests that the ALJ misinterpreted a signature. (Commissioner's Obj. to the Magistrate Judge's R & R p. 5 n.5, ECF No. 16.) However, the citations to the physician reports in the ALJ decision are to exhibit numbers, and the record does not contain the exhibits as they were numbered when reviewed by the ALJ. From the records submitted to the Court, the Court is unable to determine whether the ALJ was referring to a separate Dr. Bender or, as Defendants propose, was mistaken and was actually discussing a report by Dr. Bermudez. Therefore, the Court will only consider the ALJ's references to Dr. Bermudez in determining whether the ALJ properly applied the treating physician rule. Separately, the Court notes that an ALJ does not commit reversable error in referring to a physician by the wrong name. *Johnson v. Colvin*, No. 13-CV-3745(KAM), 2015 WL 6738900, at *15 n.8 (E.D.N.Y. Nov. 4, 2015) (collecting cases).

169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. Rule 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error in the remaining portions of the R & R and therefore adopts the R & R in part.

## II. Motions for judgment on the pleadings

Plaintiff filed a motion seeking judgment on the pleadings reversing the ALJ's decision and remanding solely for an award of benefits. She argued that the ALJ failed to properly weigh medical opinion evidence or to properly evaluate Plaintiff's credibility. Defendant filed a cross motion for judgement on the pleadings to affirm the ALJ's decision that Plaintiff was not disabled during the relevant time period for the purposes of SSI entitlement under the Social Security Act.

In analyzing whether to affirm or set aside an ALJ determination, district courts first determine whether the ALJ applied the correct legal standard in finding that the plaintiff was not disabled and second decide whether the ALJ's conclusions are supported by substantial evidence. *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). To evaluate whether a plaintiff has a disability in the context of a SSI claim, regulations issued pursuant to the Social Security Act establish a five-step process: First, the Social Security Commissioner considers whether the claimant is working in a "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i), (b). If the claimant is engaged in "substantial gainful activity," she is not disabled for the purposes of SSI. *Id.* Second, the Commissioner considers the medical severity of the claimant's impairments.

*Id.* at § 416.920(a)(4)(ii). "If [the claimant does] not have any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the impairment will not be found to be severe. *Id.* at § 416.920(c). Third, if it is found that the claimant's impairments are severe, the Commissioner will decide whether the claimant has an impairment that meets or equals one of the impairments listed in Appendix 1 to Part 404, Subpart P of the Social Security Regulations. *See id.* at § 416.920(a)(4)(iii),(d). If the claimant's impairments are not on the list, the Commissioner considers all the relevant medical and other evidence and determines the claimant's residual functional capacity. *See id.* at § 416.920(e). Fourth, the Commissioner analyzes whether the claimant can perform past relevant work. *See id.* at § 416.920(a)(4)(iv),(e) – (f). Finally, if it finds that the claimant cannot perform past relevant work, the Commissioner will consider the claimant's residual functional capacity, age, education, and work experience to see if he or she can make an adjustment to other work. *See id.* at § 416.920(a) (4)(v), (g).

The ALJ properly applied the five-step analysis and the determination was supported by substantial evidence. The parties do not dispute the ALJ's determination for the first two steps, that Plaintiff had not performed substantial gainful activity since she applied for benefits in September 2012 and that Plaintiff's medical issues qualified as "severe." However, Plaintiff argues that the ALJ failed to properly weigh the medical evidence or Plaintiff's credibility, which suggests that the ALJ did not correctly administer the last three steps. On the contrary, based on the ALJ's report and the record, the ALJ considered all of the evidence required to complete the last three steps of the analysis. The Court has already rejected Plaintiff's argument and determined that the ALJ properly weighed Dr. Bermudez's opinion. Moreover, the Court has adopted Judge Davison's determinations that the ALJ properly applied the treating physician

12

rule to Dr. Brodsky's opinions and that the ALJ's determination of the credibility of Plaintiff's complaints was warranted by the collective factors.

The ALJ applied the correct legal standard for the third step and determined, based on substantial evidence, that Plaintiff did not have a combination of impairments that meets or medically equals one of the severe impairments listed in the regulations. (ALJ Decision pp. 48 – 50.) The ALJ noted that medical evidence shows Plaintiff had a full range of motion in both of her hands, and her back pain did not qualify as severe because there was no evidence in the record of nerve root involvement. (*Id.* p. 49); *see* 20 C.F.R. § 404, Appendix Subpt. K & P. The fibromyalgia and myositis were not severe because the evidence showed that Plaintiff remained able to walk and use her hands, had no respiratory issues, and could carry out activities of daily living. (ALJ Decision p. 49.) Plaintiff's mental impairment was also, based on the record, not sufficiently severe to meet or medically equal a listed impairment. (*Id.*)

Turning to the fourth step, based on the record, the ALJ appropriately found that Plaintiff had the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR § 416.967(a) except that she must be allowed to stand for ten minutes after thirty minutes of sitting in a job that involves simple tasks and no exposure to concentrated pollutants or chemicals. (*Id.* pp. 50 – 65.) In reaching this finding, the ALJ considered all of Plaintiff's symptoms together with the objective medical evidence. (*Id.* p. 50.) The ALJ noted that Plaintiff's motor strength was "generally normal" over the course of her treatment and cites to several medical records for support. (*Id.* at 58.) He also pointed out that treatment notes in the record showed signs that Plaintiff's conditions were improving and that Plaintiff was able to perform her activities of daily living, including, on one occasion, a fifteen-hour bus trip. (*Id.* pp. 59, 61 – 62.) While there was conflicting evidence, the ALJ applied the correct weight to the

evidence in reaching his conclusion. Finally, the ALJ's determination that Plaintiff could perform jobs in the national economy was supported by substantial evidence. (*Id.* p. 66.) The ALJ consulted with a vocational expert, who addressed whether Plaintiff with her limitations and capabilities could realistically perform work at the sedentary exertional level. 20 C.F.R. § 404.1566(e); *Bellamy v. Apfel*, 8 F. App'x 76, 77, (2d Cir. 2001); *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177 (W.D.N.Y. 2018). After considering Plaintiff's experience, skills, and ability to work, that expert testified that Plaintiff would be able to work as a charge account clerk, information clerk, or a final assembler. (*Id.* p. 66.)

## CONCLUSION

For the reasons stated above, this Court adopts in part Judge Davison's R & R. Plaintiff's motion for judgment on the pleadings is DENIED and Defendant's cross-motion for judgment on the pleadings is GRANTED. The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 11 and 13. The Clerk of the Court is also respectfully directed to close this case.

Dated: April 9, 2019
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge